[Argued September 13; decided October 8, 1894.]

DeLASHMUTT *v.* SEAL.
[37 Pac. 909.]

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

Plaintiff appeals. Affirmed.

*Mr. W. W. Thayer*, for Appellant.

*Mr. Wallace McCamant*, for Respondent.

PER CURIAM. This is a suit to set aside a deed executed by Van B. DeLashmutt to Chas. F. Seal, alleged to have been procured by fraud. It appears that the plaintiff and one H. B. Oatman, as tenants in common, owned a tract of land in section eighteen, township one south of range two east of the Willamette Meridian, extending one hundred and sixty-four rods from east to west, and eighty rods from north to south, which, after running a line

through the center from east to west, they divided into five-acre tracts, and sold and conveyed three of them near the southwest corner to H. A. Hogue, supposing and believing that Hogue's west boundary extended to the west boundary of the main tract, but it subsequently transpired that there remained a tract of land containing two and ninety-three hundredths acres between said boundary lines, which is the subject of this suit. The title to the land thus sold to Hogue became by mesne conveyances vested in S. P. Florence, except that in the deed from Hogue the initial point of the description was placed five rods too far south, leaving the title to a tract five rods in width and sixty rods in length in Hogue, and purporting to convey a tract of the same dimensions out of land adjoining said fifteen acres on the south. Florence employed H. Halleck and R. B. Curry, real estate agents, to dispose of his land for such price as they could realize for it, and negotiations were accordingly entered into between Curry and the defendant for the sale of the property, and while the negotiations were pending the defendant went upon the land and was informed that it was bounded on the west by a tract owned by Dudley Evans, but, upon procuring an abstract of the title to the Florence tract, he discovered the two and ninety-three hundredths acres lying between it and the Evans' tract, and the errors in the boundaries as given by the Hogue deed, whereupon he called upon the plaintiff and Oatman, and, after explaining to them what the abstract disclosed, was told that if there was any land lying between the Florence and Evans tracts it belonged to Florence, and they promised to execute quitclaim deeds therefor. The defendant having secured these promises from the plaintiff and Oatman, without which he would not have purchased, paid the purchase price and received the Florence deed, the quitclaim deed of Hogue, and the quitclaim deeds of the plaintiff and Oatman to the

land in controversy. Nearly two years after these deeds had been executed and recorded E. E. Howes obtained a bond for a deed from plaintiff and Oatman for a portion of the premises in controversy, and, having erected a house thereon, was notified by the defendant that the building was upon his land. The plaintiff and Oatman then commenced suits to set aside said deeds, and, the issues having been joined therein, they were referred to George A. Brodie, Esq., to take and report the testimony with his findings of fact and law thereon, and he having found for the defendant the court, upon motion affirmed his report and decrees were entered dismissing each complaint, and from the decree against the plaintiff he appeals. The suit is founded upon the alleged fraudulent representations of the defendant which it is claimed induced the plaintiff to execute the deed to the property in question. A careful examination of the evidence discloses that the plaintiff and defendant each believed that the land in question was a part of the Florence tract, and there is not a particle of evidence which tends to prove that defendant ever made any fraudulent representations respecting the property or that the plaintiff relied upon any representations made by the defendant, and hence the decree of the court below is affirmed.                                        AFFIRMED.